IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| JERRI DAWN BRADFORD, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:22-cv-140-ALM-KPJ |
| | § | |
| SCOTT BIERMAN, | § | |
| | § | |
| Defendant. | § | |

## ORDER AND REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

This matter was referred to the undersigned pursuant to 28 U.S.C. § 636. As set forth below, the Court recommends Plaintiff Jerri Dawn Bradford's ("Plaintiff") claims against Defendant Scott Bierman ("Defendant") be **DISMISSED WITHOUT PREJUDICE**.

### I.   DISCUSSION

Federal Rule of Civil Procedure Rule 41(b) authorizes the dismissal of an action, either *sua sponte* or upon a defendant's motion, with or without prejudice "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order." FED. R. CIV. P. 41(b); *accord Griggs v. S.G.E. Mgmt., L.L.C.*, 905 F. 3d 835, 844 (5th Cir. 2018) (citing *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988)). Rule 41(b) applies equally where, as here, the plaintiff is proceeding *pro se*. *See Wright v. LBA Hosp.*, 754 F. App'x 298, 300 (5th Cir. 2019) (quoting *Hulsey v. Tex.*, 929 F.2d 168, 171 (5th Cir. 1991)) ("The right of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law.").

Here, the Court finds Plaintiff has failed to prosecute this action as ordered by the Court. On June 23, 2022, Plaintiff was granted leave to proceed *in forma pauperis* and, at the same time,

1

her live complaint was screened pursuant to 28 U.S.C. § 1915(e) to determine if it adequately stated a claim for legal relief. [1] *See* Dkt. 7. The Court found Plaintiff's complaint failed to state a claim for legal relief and was, therefore, subject to dismissal under Section 1915. *See id.* To avoid dismissal, the Court ordered Plaintiff to file an amended complaint no later than July 8, 2022. *See id.* Plaintiff was advised: "Any failure by Plaintiff to timely file an amended complaint may result in the dismissal of Plaintiff's claims in this case." *See id.* Plaintiff received service of the Order on June 23, 2022. To date, no amended complaint has been entered.

## II.   RECOMMENDATION

Accordingly, the Court recommends Plaintiff's claims against Defendant be **DISMISSED WITHOUT PREJUDICE** for want of prosecution.

Within fourteen (14) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C).

A party is entitled to *de novo* review by the district court of the findings and conclusions contained in this report only if specific objections are made, and failure to timely file written objections to any proposed findings, conclusions, and recommendations contained in this report shall bar an aggrieved party from appellate review of those factual findings and legal conclusions accepted by the district court, except on grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *Id.*; *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1417 (5th Cir.

---

[1] Section 1915 states that, if a plaintiff is proceeding *in forma pauperis*, the Court must dismiss the case if, at any time, the Court determines the complaint fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); *see Brewster v. Dretke*, 587 F.3d 764, 767 (5th Cir. 2009).

1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

### III.   ORDER

**IT IS ORDERED** that the Clerk of Court shall email this Order to Plaintiff at DawnofHopeLLC@gmail.com.[2]

**So ORDERED and SIGNED this 19th day of July, 2022.**

_____
KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE

---

[2] This is entered as a courtesy to Plaintiff and shall not be construed as granting Plaintiff's Motion to Receive Electronic Notification (Dkt. 6), which remains pending.